STATE ex rel. HENDERSON, District Attorney
General, v. CUNIFF et al.—206 S. W. (2d) 32.

Middle Section.   July 26, 1947.

Petition for Certiorari denied by Supreme Court, November 29, 1947.

Jas R. Brown, of Centerville, and Walker & Hooker and Tyree B. Harris III, all of Nashville, for appellants.

John H. Henderson, Dist. Atty., Claude B. Stephenson, and Logan Beasley, all of Centerville, for appellee.

HOWELL, J.   The bill in this cause was filed by the Attorney General of the 17th Judicial Circuit of the State under the terms of the Code Sections 9324 to 9335 known as the "Nuisance Act" to abate what was alleged to be a public nuisance operated by the defendants Johnnie Cuniff and Pearl Cuniff at a place in Hickman County known as "Circle Inn."   The nuisance alleged to exist was the operation of a place in which intoxicating liquors were sold, in which drunkenness, quarreling and breaches of the peace were permitted and carried on and in which beer was licensed and sold and minors were allowed to loiter and congregate in violation of the laws of the State.

An answer was filed denying the material allegations of the bill. The cause was heard by the Chancellor by agreement on oral testimony and a written opinion filed finding that the defendants were guilty of maintaining a public nuisance in that they conducted a place of business at which intoxicating liquors were kept and where beer was sold but minors were allowed to congregate in violation of the laws of Tennessee, and the injunction was accordingly granted.

An appeal was perfected from the decree of the Chancellor to this Court and errors have been assigned.

The defendants did not testify or introduce any proof.

It is insisted for the defendants that there was no evidence to support the judgment of the Court.

The record disclose that on August 6, 1945, three Highway patrolmen and the Sheriff of Hickman County, having in their possession a "John Doe" search warrant entered and searched the place of business of the defendants known as Circle Inn and found several pint bottles of whiskey. Several witnesses testified that the reputation of the place as a place where whiskey was kept and sold was bad and that minors loitered around. One witness testified that he had seen a retail liquor license on the wall, the Sheriff testified that he had been called to the place a number of times and had made arrests for drunkenness and fighting on the premises and other officers testified that there were minors and drunks loitering there at the time the search was made.

Without setting forth all the testimony we find that there was ample evidence to support the finding of facts by the Chancellor.

It is insisted for the defendants that the chancellor erred in permitting the officers to testify concerning evi-

dence obtained by them in their search of the place because the warrant under which the search was made was rendered void by an alteration made by one of the officers in that he illegally changed the name ''John Doe'' in the warrant to ''Johnnie Cuniff.''

It is conceded by the defendants that ''John Doe'' warrants are valid in Tennessee but it is insisted that the changing of the name in the warrant under which this search was made rendered it void. It is insisted for the complainant that the evidence of the officers was based upon what they saw and did before the warrant was changed and that the striking out of the name ''John Doe'' and inserting the name ''Johnnie Cuniff'' in the warrant was done after it had served its purpose. As to the changing of the name in the warrant the witness Sergt. J. J. Jackson of the State Police said:

''Q. I hand you here a paper and ask you if that is the search warrant that you all had? A. Yes sir.

''Q. Now, I notice one thing, and I will get this clear, —now, at the time you went in there with this search warrant was the name of Johnny Cuniff on it? A. No.

''Q. When was that written on there? A. In all that rushing around and the people were running through the room I handed Dave White the search warrant and told him to read it to the fellow in the back room and I stayed out front and Dave was around in there. So he said he did.

''Q. At the time you went in there was the name John Doe on it? A. Yes sir.

''Q. Were there any changes except to mark out that John Doe and insert Johnny Cuniff? A. That is all.

''Q. At the time you had it, it was in the name of .John Doe and Mr. White changed it after reading it? A.

Yes sir, he changed it in the presence of these two people over there.''

■ Thus it is seen that at the time of the search the warrant was a valid ''John Doe'' warrant and that the change was made by officer White after the search had been made and the warrant read to the defendants and did not render the entry and search unlawful. The warrant having been served, its validity at the time of service could not be affected by any alteration or spoliation thereafter.

■ We agree with the contentions of the defendants as to the legality of amendments or alterations of search warrants. As said in Corpus Juris, Vol. 56, Sec. 155, page 1238:

''Search warrants are of such grave importance that they may be amended, if at all, only by the officer issuing them, and then only in conformity with the affidavits or depositions upon which they are based. A warrant is invalid if amended by the executing officers even upon the consent of the issuing officer or upon a telephone communication from him. Nor can even the issuing officer himself amend the warrant unless the affidavit itself were so amended as to conform to the proposed change or unless the original affiant perform some corporal act which would constitute an oath.''

This applies to amendments to warrants before service and does not mean that if a warrant is altered after service, the acts performed under it while unaltered are unlawful. As above shown the defendants did not offer any proof and do not deny that they had a retail liquor license on the wall in their place of business which, under the law, is prima facie evidence of the sale of liquors on the premises and they do not deny that minors were per-

mitted to loiter and congregate in their place of business where beer was sold.

The assignments of error are overruled and the decree of the Chancellor affirmed.

The appellants will pay the costs.

Affirmed. •

Felts and Hickerson, JJ., concur.